**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JOSEPH CRAFT, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                                          **NO. 25-467-JWD-EWD**

**LOUISIANA DEPARTMENT OF**
**TRANSPORATION AND DEVELOPMENT, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 23, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSEPH CRAFT, ET AL.**                              CIVIL ACTION

**VERSUS**                                            NO. 25-467-JWD-EWD

**LOUISIANA DEPARTMENT OF
TRANSPORATION AND DEVELOPMENT, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand[1] ("the Motion"), filed by Plaintiffs, Joseph Craft, Julie Stevens, and Wesley Oldaker (collectively "Plaintiffs"). The Motion is opposed by Defendants Caleb Sheldon, Wal-Mart Transportation, LLC, and State of Louisiana, through the Department of Transportation and Development (collectively "Defendants").[2] Because the improper joinder doctrine is inapplicable to this case and, in the alternative, the Louisiana Department of Transportation and Development is properly joined, it is recommended[3] that the Motion be granted and that this case be remanded to Louisiana state court.

**I.   BACKGROUND**

On August 1, 2024, Plaintiffs filed their personal injury action in Louisiana state court for damages resulting from a motor vehicle accident that occurred on a bridge on U.S. Highway 190 (the Morganza Spillway Bridge) on June 6, 2024.[4] Plaintiffs subsequently amended their petition twice.[5] In the Original Petition and First Amended Petition, Plaintiffs assert a claim against

---

[1] R. Doc. 7 and *see* R. Doc. 22 (reply memorandum).

[2] R. Docs. 17, 18 (Defendants Caleb Sheldon and Wal-Mart Transportation, LLC oppose the Motion separately from Defendant Louisiana Department of Transportation and Development).

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C*., 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

[4] R. Doc. 6, p. 1, citing R. Doc. 6-1, pp. 1-2.

[5] *See* R. Doc. 6-1, pp. 9-29.

Defendant Louisiana Department of Transportation and Development ("LaDOTD") for failure to include an adequate shoulder on the bridge along with other inadequacies.[6] In the Second Amended Petition, Plaintiffs maintain their claims against LaDOTD, and further assert claims against Defendant Caleb Sheldon ("Sheldon"), who was driving a vehicle owned and maintained by Defendant Wal-Mart Transportation, LLC ("Wal-Mart") in the course and scope of his employment with Wal-Mart when he allegedly rear ended Plaintiffs.[7]

On March 30, 2025, Defendants Sheldon and Wal-Mart (collectively "Removing Defendants") removed the case to this Court, asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332.[8] On June 5, 2025, the Court ordered Removing Defendants to file a supplemental Notice of Removal to remedy various deficiencies with the pleading of subject matter jurisdiction.[9] Removing Defendants cured the deficiencies in the original Notice of Removal in a Supplemental Notice of Removal, filed on June 13, 2025.[10] According to the Supplemental Notice of Removal, the case only became removable once Removing Defendants discovered, through an affidavit attached to Defendant LaDOTD's Motion for Summary Judgment on May 1, 2025, that the bridge at issue complied with the legal standards for the construction of the bridge at the time.[11] Based on this "other paper," Removing Defendants also contend that LaDOTD is improperly joined because Plaintiffs cannot assert a viable claim against LaDOTD.[12] Therefore, Removing

---

[6] *Id.* at p. 3, ¶ 11 and p. 11, ¶ 11.

[7] *Id.* at pp. 19-20, ¶¶ 15-16.

[8] R. Doc. 1, ¶ 2.

[9] R. Doc. 3.

[10] *See* R. Docs. 4-6.

[11] R. Doc. 6, pp. 2-3, ¶¶ 4, 5.

[12] *Id.*, pp. 3, 6-11, ¶¶ 7, 21-32.

Defendants argue that the citizenship of LaDOTD, a forum defendant, should be disregarded because Plaintiffs have "no reasonable basis" to recover from LaDOTD.[13]

There is complete diversity in this case between the parties whether the citizenship of LaDOTD is considered. Plaintiffs are all citizens of Texas. Defendant Wal-Mart is an unincorporated association that unwinds to a sole member which is a citizen of Delaware and Arkansas. Defendant Sheldon is a citizen of Oklahoma.[14] Removing Defendants contend that the amount in controversy is met based on Plaintiffs' medical records.[15] However, because LaDOTD is an arm of the State of Louisiana[16] and, therefore, a forum defendant, removal is generally precluded under 28 U.S.C § 1441(b)(2).[17] If, however, LaDOTD is improperly joined, Defendants argue that the forum defendant rule would not prevent removal.

On June 17, 2025 Plaintiffs filed the Motion, stating that (1) the Motion for Summary Judgment filed by LaDOTD was not "other paper" under the removal statute because the "other paper" exception only applies to voluntary acts by a plaintiff, which the Motion for Summary Judgment was not, and alternatively (2) Plaintiffs can, under the applicable law, assert a claim against LaDOTD for failure to construct the bridge in compliance with the applicable guidelines

---

[13] *Id.*, p. 6, ¶ 21, citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199-200 (5th Cir. 2016).

[14] *Id.*, pp. 5-6, ¶¶ 15-20.

[15] Removing Defendants attached Plaintiffs' medical records to the Supplemental Notice of Removal, which the Court deemed adequate to establish AIC as past medical expenses for Plaintiff Stevens alone total over $400,000. *See* R. Doc.6-6. The other Plaintiffs' medical bills are at R. Docs. 6-5 and 6-7.

[16] The citizenship of LaDOTD is not affirmatively pleaded in the Notice of Removal, but Plaintiffs state that LaDOTD is a forum defendant in each of their Petitions. R. Doc. 6-1, p. 2 ¶ 4; p. 18, ¶ 4; p. 10, ¶ 4. Additionally, federal courts have consistently held that LaDOTD is an arm of the state. *See e.g., Lambert v. Kenner City*, No. 04-2192, 2005 WL 53307, at **2-3 (E.D. La. Jan. 5, 2005) (finding that, because LaDOTD was created by a statute as part of the executive branch of Louisiana state government, it is an arm of the state by operation of state law; and noting that the Fifth Circuit has concluded the same) (collecting cases).

[17] 28 U.S.C. § 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

3

such that LaDOTD is not improperly joined.[18] Further, Plaintiffs contend that since LaDOTD is a Louisiana citizen, the forum defendant rule would preclude removal.[19] Neither Plaintiffs nor Defendants address whether the improper joinder doctrine is applicable in a case involving a diverse forum defendant.

**II.    LAW AND ANALYSIS**

    **A. Subject Matter Jurisdiction**

Unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. There are two primary ways to establish federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[20] This Court also has subject matter jurisdiction over civil cases where the amount in controversy is more than $75,000.00, without including interest and costs, and the parties are of completely diverse citizenship (*i.e.*, all plaintiffs are citizens of a different state than all defendants.).[21] A federal court is to presume that a case lies outside its subject matter jurisdiction, and the burden to establish federal subject matter jurisdiction is on the party asserting it (here, Removing Defendants).[22] As set forth, above, the Removing Defendants have adequately established federal subject matter jurisdiction under 28 U.S.C. § 1332 as the parties are of diverse citizenship (whether or not LaDOTD's citizenship is considered) and the Removing Defendants

---

[18] R. Doc. 7-1, pp. 2-3.

[19] *Id.* at p. 6, citing 28 U.S.C. § 1441(b)(2).

[20] 28 U.S.C. § 1331.

[21] 28 U.S.C. § 1332.

[22] *Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130, at *1 (5th Cir. 2002), citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), cert. denied, 534 U.S. 993 (2001).

have provided evidence to establish the requisite amount in controversy. No party disputes that federal subject matter jurisdiction exists in this case under 28 U.S.C. § 1332.

### B. Removal Was Improper Under 28 U.S.C. § 1441(b)(2) – the Forum Defendant Rule

#### 1. The Relationship Between the Forum Defendant Rule and the Improper Joinder Doctrine

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[23] This provision, typically referred to as the "forum defendant rule," is a procedural rule, not a jurisdictional one.[24] "The forum-defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought."[25]

By contrast, the "improper joinder" doctrine is a jurisdictional doctrine that constitutes "a narrow exception to the rule of complete diversity."[26] "This jurisdictional doctrine allows a court to ignore the citizenship of a non-diverse defendant, for the purpose of exercising diversity jurisdiction under 28 U.S.C. § 1332, where the removing defendant can establish: '(1) actual fraud

---

[23] 28 U.S.C. § 1441(b)(2).

[24] *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020), citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009).

[25] *Prutz v. One World Techs., Inc.*, No. 23-1600, 2024 WL 3174523, at *2 (M.D. La. June 6, 2024), report and recommendation approved, No. 23-1600, 2024 WL 3171849 (M.D. La. June 25, 2024), citing *Stewart v. Auguillard Const. Co.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citation omitted).

[26] *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011), citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005); *Int'l Energy Ventures Mgmt., L.L.C.* 818 F.3d at 209-10 ("In considering whether a nondiverse party was improperly joined ..., the court is *only* considering jurisdiction.").

in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[27]

### 2. *The Improper Joinder Doctrine Does Not Apply to a Diverse Forum Defendant*

This Court previously addressed whether the improper joinder doctrine applies to a diverse forum defendant in *Turner v. Aerion Rental Servs., LLC*.[28] Though some district courts in this Circuit have applied the improper joinder doctrine to diverse forum defendants,[29] this Court and other district courts in this Circuit have declined to do so.[30] *Turner* states, "Having considered the plain language of Section 1441(b)(2), the pertinent decisional law, and the arguments of the parties, the Court agrees with the decisions in this Circuit specifically holding that the improper joinder doctrine, as detailed in *Smallwood* and its progeny, does not apply for the purpose of ignoring the citizenship of diverse forum defendants."[31] The Fifth Circuit has not conclusively held that the improper joinder doctrine extends to diverse forum defendants.[32]

Plaintiffs, citizens of Texas, are completely diverse from all defendants, including the forum defendant, LaDOTD.[33] Defendants do not contend that the parties are not completely

---

[27] *Prutz*, 2024 WL 3174523, at *2, quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (en banc) (citation omitted).

[28] No. 23-1066, 2024 WL 5703920 (M.D. La. June 5, 2024), report and recommendation adopted sub nom. *Turner v. Aerion Rental Servs., LLC*, No. 23-1666, 2024 WL 5703921 (M.D. La. June 20, 2024) (deGravelles, J.).

[29] *See Turner*, 2024 WL 5203920, at *4 (collecting cases).

[30] *Id.* (collecting cases), and *6 (holding that the improper joinder doctrine did not apply to a forum defendant that would not destroy diversity jurisdiction and stating that "the improper joinder doctrine, which is a judicially created jurisdictional doctrine that serves as a narrow exception to complete diversity for the purposes of exercising diversity jurisdiction, does not allow a court to ignore the citizenship of diverse forum defendants.").

[31] *Turner*, 2024 WL 5703920, at *5; *see also Prutz*, 2024 WL 3174523, at *4, citing *C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 23-536, 2023 WL 8937163, at *4 (N.D. Tex. Dec. 6, 2023) ("Improper joinder is a narrow exception to the jurisdictional requirement of complete diversity, not the procedural requirement of the forum-defendant rule.") (citations omitted).

[32] *Albaugh v. Wind Access Engr., Inc.*, No. 23-146, 2024 WL 625328, at *1, n.1 (S.D. Tex. Feb. 14, 2024) (noting that the Fifth Circuit has not applied the improper joinder doctrine to diverse forum defendants); *Butler v. ENSCO Intercontinental GmbH*, No. 16-578, 2017 WL 496073, at *7 (S.D. Tex. Feb. 7, 2017) (analyzing Fifth Circuit cases that apply the improper joinder doctrine to non-diverse forum defendants, but noting that the Circuit has not applied the doctrine to diverse forum defendants).

[33] R. Doc. 6-1, p. 18, ¶ 4; R. Doc. 6, pp. 5-6, ¶¶ 15-20.

6

diverse, even when LaDOTD's citizenship is included, and no one has challenged whether Plaintiffs properly served LaDOTD before removal or whether LaDOTD was otherwise improperly joined. This case was litigated for over eight months in state court before LaDOTD filed its Motion for Summary Judgment on May 1, 2025.[34] Removing Defendants use an affidavit attached to LaDOTD's Motion for Summary Judgment as support for their claim that LaDOTD is improperly joined such that its citizenship should be disregarded.[35] The Fifth Circuit has also refused to adopt the "fraudulent misjoinder" doctrine observed by the Eleventh Circuit, which extends the "improper joinder doctrine to procedural questions concerning party joinder."[36] Because there is no dispute that the forum defendant does not destroy diversity in this case as no Plaintiff is a citizen of Louisiana, this Report follows *Turner* and *Prutz* and maintains the position that the improper joinder doctrine does not apply when evaluating the citizenship of a diverse forum defendant. As LaDOTD is a forum defendant with citizenship diverse from each Plaintiff and as the improper joinder doctrine does not apply, removal was improper under 28 U.S.C. § 1441(b)(2), and remand is required.

### C. Even if the Improper Joinder Doctrine Applies, LaDOTD is Properly Joined

The party seeking removal based on improper joinder bears a "heavy" burden of proving that the joinder was improper.[37] To meet its burden, the removing party must show (1) actual fraud

---

[34] R. Doc. 6-2.

[35] R. Doc. 6, pp. 2, 6 ¶¶ 4, 21.

[36] The Fifth Circuit in *Willliams v. Homeland Ins. Co of New York* emphasized that Section 1441(b)(2), "which does not allow removal 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought,' does not reach the question of 'properly joined and served *unless* the "civil action [is] otherwise removable solely on the basis of the jurisdiction under section 1332(a)." 18 F.4th 806, 812 (5th Cir. 2021). This Court in *Turner*, analyzing *Williams*, stated "the Fifth Circuit specifically observed [in *Williams*] that the judicially created 'improper joinder' doctrine only applies to the analysis of diversity jurisdiction under Section 1332(a), not the procedural forum defendant rule found in Section 1441(b)(2)." 2024 WL 5703920, at *5 (citations omitted).

[37] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Though the allegedly improperly joined defendant (LaDOTD) in this case is completely diverse from Plaintiffs and is a forum defendant such that the Report concludes that removal

in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action in state court against the allegedly improperly joined party.[38] Removing Defendants have not alleged actual fraud in the jurisdictional facts alleged in the Petition.[39] Therefore, only the second approach is applicable to determine whether Defendants have "demonstrated that there is no possibility of recovery by plaintiff[s] against [LaDOTD]" in analyzing the propriety of LaDOTD's joinder.[40]

In determining whether there is a possibility of recovery, the Court may "conduct a Rule 12(b)(6)-type analysis… to determine whether the complaint states a claim under state law against the in-state defendant."[41] "The focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[42] When conducting such an analysis, a court must determine whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."[43] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[44] A court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.[45] However, a court need not accept as true legal conclusions couched as factual allegations.[46]

---

is precluded under 28 U.S.C. § 1441(b)(2), the Report proceeds with the improper joinder analysis to resolve any doubt about the propriety of remand.

[38] *Travis*, 326 F.3d at 646-47.

[39] All Defendants contend that LaDOTD is improperly joined based on an expert report stating that the bridge complied with the applicable standards, not that Defendant fraudulently plead any jurisdictional facts. *See* R. Doc. 6, p. 7, ¶ 21 (LaDOTD is improperly joined because Plaintiffs have "no reasonable basis" to recover from LaDOTD); *see also* R. Doc. 17, p. 7; R. Doc. 18, p. 7.

[40] *Smallwood*, 385 F. 3d at 573-74.

[41] *Id.*

[42] *Id.* at 573.

[43] *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F. 3d at 200, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly*, 550 U.S. at 544.

[45] *Lormand v. U.S. Unwired, Inc.*, 565 F. 3d 228, 239 (5th Cir. 2009).

[46] *Iqbal*, 556 U.S. at 678.

8

Where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined instead of using a Rule 12(b)(6) analysis.[47] The Fifth Circuit has explained that, "[a]lthough a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[48] The Fifth Circuit in *Davidson* stated:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."[49]

Plaintiffs assert claims against LaDOTD for negligence and premises liability.[50] In Plaintiffs' Second Amended Petition, Plaintiffs allege that LaDOTD owned, maintained, built, designed, and/or controlled the bridge where the accident occurred.[51] Plaintiffs also allege that LaDOTD failed to maintain an adequate shoulder on the bridge, such that drivers could not completely remove themselves form the lanes of travel should issues arise.[52] Plaintiffs claim that as a result of the inadequate shoulder, they were "sitting ducks on the highway" when their tire went flat as they crossed the bridge.[53] Plaintiffs also contend that they suffered extensive physical

---

[47] *Smallwood*, 385 F.3d at 573.

[48] *Davidson* 819 F.3d at 766, citing *Travis*, 326 F.3d at 650 n. 3.

[49] 819 F.3d at 766-67, citing *Smallwood* 385 F.3d at 573-74 & n. 12 (emphasis added in *Davidson*).

[50] R. Doc. 6-1, pp. 20-22.

[51] *Id.* at p. 20, ¶ 17.

[52] *Id.*

[53] *Id.* at ¶¶ 14, 17.

9

injuries as a result of the crash because of LaDOTD's failure to construct and maintain the bridge properly.[54]

Plaintiffs adequately plead a claim against LaDOTD when evaluated under the Rule 12(b)(6) standard.[55] Claims against the LaDOTD for design, construction, or condition of a state roadway are subject to different standards than a traditional negligence claim under Louisiana law. "In order to find [La]DOTD liable based on the design, construction, or a condition of a state roadway, a plaintiff must prove that (1) [La]DOTD had custody of the thing which caused the plaintiff's damages, (2) the thing was defective because it had a condition which created an unreasonable risk of harm, (3) [La]DOTD had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time, and (4) the defect was a cause-in-fact of the plaintiff's injuries. Failure to establish any one of these elements is fatal to the case."[56]

It is undisputed that LaDOTD has custody of the bridge which allegedly caused Plaintiffs' damages.[57] However, Defendants dispute the second element, whether LaDOTD breached its duty by constructing the bridge with a condition which created an unreasonable risk of harm.[58] Under Louisiana law, LaDOTD "has a duty to 'maintain, repair, construct, or reconstruct' public highways in a manner that is not unreasonably dangerous for a reasonably prudent driver."[59]

---

[54] *Id.* at ¶¶ 21-23.

[55] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) ("In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'").

[56] *Young v. Dep't of Transportation & Dev.*, 2020-0526 (La.App. 1 Cir. 12/30/20), 318 So.3d 887, 891; citing *Smith v. Landry*, 2015-1742 (La.App. 1 Cir. 8/31/16), 202 So.3d 1108, 1110-11, writ denied, 2016-2112 (La. 2/3/17), 215 So.3d 693.

[57] Removing Defendants allege in their Notice of Removal that U.S. Highway 190, including the bridge at issue, is owned and maintained by LaDOTD. They do not contest this element, and it is adequately pleaded. *See* R. Doc. 6, p. 9, ¶ 27; *see also* R. Doc. 6-1, p. 20, ¶ 17.

[58] *See* R. Doc. 17, pp. 7-11; *see also* R. Doc. 18, p. 8-12.

[59] *Smith,* 202 So.3d at 1111, citing La. R.S. 48:35(E)(1)(a).

10

"Whether [La]DOTD has breached its duty to the motoring public by knowingly maintaining a defective or unreasonably dangerous roadway depends on the facts and circumstances of each case."[60] Plaintiffs, as stated above, adequately plead that the roadway was unreasonably dangerous and that LaDOTD breached its duty to construct and maintain a road with adequate and safe shoulder area, creating an unreasonably dangerous condition. Plaintiffs state that they could not safely remove themselves from the lanes of travel after their tire went flat on the bridge because LaDOTD failed to construct the road with an adequate shoulder.[61] Defendants contend that because the road was constructed in accordance with the regulations or guidelines in effect on the date of approval by the chief engineer of the original or amended design, there is a presumption that the highway is constructed in a reasonably safe condition.[62] This would be relevant at the motion for summary judgment stage, where evidence may be presented; however, in the limited analysis of Plaintiffs' claims under 12(b)(6), the Court cannot say Plaintiffs have no possibility of establishing that the bridge created an unreasonable risk of harm due to a defective condition. The presumption under La. R.S. 48:35(A) is not conclusive.[63] Additionally, neither of the cases on

---

[60] *Id.* (citation omitted).

[61] R. Doc. 6-1, pp. 19-20, ¶¶ 14, 17.

[62] R. Doc. 17, p. 8, citing La R.S. 48:35 (E)(1)(b); *see also* R. Doc. 18, pp. 9-10.

[63] *See Hager v. State, ex rel. Dept. of Transp. and Devel.*, 06-1557 (La.App. 1 Cir. 1/16/08), 978 So.2d 454, 467, writ denied, 2008-0347, 2008-0385 (La. 4/18/08), 978 So.2d 349 ("According to La. R.S. 48:35(E)(1)(b), compliance with applicable standards establishes only a *rebuttable* presumption that the highway's compliant characteristics are 'reasonably safe'; it does not preclude a finding, based upon other evidence, that those characteristics are in fact unreasonably dangerous and that DOTD was negligent.") (emphasis in original). Further, LaDOTD relies on La. R.S. 48:35(E)(1)(c) which states, "When any public… bridge… or any portion thereof, does not conform to one or more regulations or guidelines established or adopted subsequent to the date of such approval of the original or amended design plan for the construction or major reconstruction, whichever is later, of any such… bridge … or any portion thereof, such nonconformity shall not render any such… bridge… or any portion thereof, unreasonably dangerous or defective." *See* R. Doc. 18, pp. 8-9. However, Plaintiffs argue that the bridge did not confirm to the original standards. *See, e.g*, R. Doc. 7-1, p. 9 ("So the road was negligently constructed even as of 1943.").

11

which Removing Defendants rely definitively preclude Plaintiffs from recovering against LaDOTD in this case.[64] Plaintiffs adequately plead this element.

As for the third element, notice, Plaintiffs plead that "LaDOTD had actual knowledge of the unreasonably dangerous conditions of the bridge but failed to warn Plaintiffs of the unreasonably dangerous conditions."[65] These unreasonably dangerous conditions, in part, include the inadequate shoulder.[66] Louisiana state courts have held that, "[w]hile [La]DOTD cannot be imputed with knowledge of every defect on its roadways and shoulders, neither can [La]DOTD escape liability by negligently failing to discover that which is easily discoverable."[67] Constructive notice is defined as "the existence of facts which infer actual knowledge."[68] Further, constructive knowledge "is presumed when it is shown that the defect or dangerous condition has existed for such a period of time that knowledge can be presumed or that 'one should have had knowledge of the condition.'"[69] Plaintiffs allege that LaDOTD constructed the road at issue and maintained it.[70] Since Plaintiffs allege that LaDOTD built the bridge and the condition has existed since the bridge was built, these facts infer actual knowledge or at least adequately allege constructive knowledge of the width of the bridge and the absence of an adequate shoulder. Additionally, even LaDOTD

---

[64] R. Doc. 6, p. 10. *See Bush v. State through La. Dept. of Transp. And Development*, 88-1406 (La.App. 4 Cir. 4/13/89), 542 So.2d 721, 722 and *Robin v. Mississippi Fast Freight Co., Inc*., 97-2556 (La.App. 1 Cir. 12/28/98), 744 So.2d 42, 44. The *Bush* court noted that, while the failure of LaDOTD to reconstruct state highways to meet modern standards does not necessarily establish the existence of a hazardous defect, whether LaDOTD has breached its duty to permit an unreasonably dangerous condition on a roadway or shoulder, "will depend upon the particular facts and circumstances of each case." Importantly, *Bush* was not decided on preliminary motions but went to judgment in a bench trial. 542 So.2d at 722-23. Similarly, *Robin* affirmed a directed verdict following the presentation of the plaintiffs' case at trial during which expert testimony was presented and evaluated. 744 So.2d at 44, 46.

[65] R. Doc. 6-1, p. 22, ¶ 29.

[66] *Id.* at p. 21, ¶ 23.

[67] *DePedro v. State Through Dep't of Transportation & Dev.*, 2024-0877 (La.App. 1 Cir. 7/3/25), 417 So.3d 1061,1096, citing *Hager*, 978 So.2d at 467-68.

[68] *See* La. R.S. 9:2800(D).

[69] *Prutz*, 2024 WL 3174523, at *7, quoting *Greenberger v. Sheraton Operating Corp.*, No. 13-42, 2013 WL 1814928, at *3 (E.D. La. Apr. 29, 2013).

[70] R. Doc. 6-1, p. 20, ¶ 17.

admits that the plans for the bridge were approved in 1940, giving LaDOTD over 80 years to gain knowledge of this allegedly unreasonably dangerous condition and to remedy it.[71] It is not this Court's job to determine ultimate liability in the context of a 12(b)(6) evaluation, and Plaintiffs plausibly plead the notice element.

Finally, "The cause-in-fact element requires a determination of whether the harm would have occurred but for the defendant's alleged substandard conduct, or, when concurrent causes are involved, whether the defendant's conduct was a substantial factor in bringing about the harm. Generally, the cause-in-fact inquiry is a factual determination best made by the fact-finder."[72] Plaintiffs state that the failure to maintain an adequate shoulder along with other issues with the road either caused Plaintiffs injuries or it was "substantially certain that Plaintiffs would be injured if they experienced car troubles."[73] Plaintiffs further plead that they were unable to exit lanes of travel because of the inadequate shoulder and had to stop in the lane of travel with their hazard lights on.[74] Finally, Plaintiffs state that the accident occurred because there was an inadequate shoulder.[75] Any further exploration into the evidence to determine cause-in-fact would be inappropriate at this stage. Plaintiffs have plausibly alleged cause in fact.

---

[71] The Court may take judicial notice of the age of this bridge which exists within its geographic boundaries. *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) ("Federal Rule of Evidence 201 allows a district court to take judicial notice of a 'fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b). The district court may 'take judicial notice at *any* stage of the proceeding.' Fed. R. Evid. 201(d) (emphasis added). And if there remained any doubt about whether 'any stage of the proceeding' included the motion-to-dismiss stage, our precedents have resolved that doubt, explaining that '[w]hen reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (internal quotation omitted) (citations omitted)). Defendants state that the plans for the bridge were approved in 1940, over 80 years ago. *See* R. Doc. 17, p. 8; R. Doc. 18, p. 9.

[72] *Young*, 318 So. 3d at 892 (internal citation omitted).

[73] R. Doc. 6-1, p. 21, ¶ 23.

[74] *Id.* at pp. 19-20, ¶¶ 14, 17.

[75] *Id.* at pp. 19, ¶¶ 14-15, 17.

13

The Parties seek to have the Court pierce the pleadings and conduct a summary inquiry using an expert affidavit attached to a Motion for Summary Judgment, filed by LaDOTD, and an expert report attached to Plaintiffs' Motion to Remand.[76] Defendants rely on an expert, Dr. Gary Thomas, to argue that no claim can be stated against LaDOTD because the bridge complied with applicable standards when constructed.[77] Plaintiffs submit their own expert report in opposition to LaDOTD's expert affidavit.[78]

The Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...."[79] Resolving the issue of ultimate liability by analyzing expert affidavits and reports would seem to violate the caution that *Smallwood* provides. "A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff[s'] recovery against the in-state defendant."[80] The expert opinions, without delving into their content, show, at the very least, that LaDOTD's compliance with the applicable road standards is in dispute.[81] Defendant LaDOTD seeks to have the Court go as far as determining that Plaintiffs' expert report is inadmissible and, therefore, cannot be considered in conducting the summary inquiry.[82] The substantive arguments contained in either LaDOTD's expert affidavits or Plaintiffs' expert report will not be considered, as doing so and making a decision based on that

---

[76] R. Doc. 7-1, pp. 7-9; R. Doc. 7-2; R. Doc. R. Doc. 17, pp. 5-8; R. Doc. 18, pp. 2-3; *see also* R. Doc. 6-2. LaDOTD also attached a supplemental affidavit from expert, Dr. Gary Thomas, in support of their position in their opposition to the Motion to Remand. R. Doc. 18-1.

[77] *See* R. Doc. 6-2, pp. 25-41; R. Doc. 18-1.

[78] *See* R. Doc. 7-2.

[79] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[80] *Smallwood*, 385 F.3d at 573. Considering multiple parties engaged experts to determine whether the bridge complied with the applicable standards, the compliance does not seem like a fact which "easily can be disproved if not true." *Id.* at 574, n. 12.

[81] *See Johnson v. Jessen*, No. 21-425, 2022 WL 956306, at *4 n. 5 (M.D. La. Mar. 14, 2022), report and recommendation adopted, No. 21-425, 2022 WL 952536 (M.D. La. Mar. 29, 2022) (discussing an expert report submitted in support improper joinder "only to show that Plaintiff's ability to establish lost wages is largely in dispute, precluding any finding of improper joinder.")

[82] R. Doc. 18, pp. 3-6.

14

content, would ignore the Fifth Circuit's caution in *Smallwood*. At this stage in the proceedings, much more than a summary inquiry would be required to determine a significant fact issue that is clearly in dispute, *i.e.*, whether LaDOTD complied with the applicable regulations in constructing the bridge.

Plaintiffs also seek to have the case remanded because the "other paper" exception under 28 U.S.C. 1446(b)(3) only applies when there is a voluntary act by a plaintiff.[83] Because the improper joinder doctrine does not apply and, in the alternative, LaDOTD is properly joined, the Court need not address this issue.[84] Further, addressing any of Plaintiffs other potential claims against LaDOTD is unnecessary as Plaintiffs have shown a possibility of recovery against LaDOTD.

## III.    CONCLUSION

Defendants seek to have this Court ignore Plaintiffs' claims against LaDOTD, a diverse forum defendant. This Court has previously held that the improper joinder doctrine does not apply when evaluating the citizenship of a diverse forum defendant. As LaDOTD is a forum defendant of citizenship diverse from the Plaintiffs, removal was improper under 28 U.S.C. § 1441(b)(2), and remand is required.

Even if the improper joinder doctrine were applied, Removing Defendants have not met their "heavy" burden to show that Plaintiffs have no possibility of recovery against LaDOTD under a Rule 12(b)(6) standard. LaDOTD's opposition memorandum does nothing to further move the needle in favor of improper joinder. The Fifth Circuit has "frequently cautioned the district courts

---

[83] R. Doc. 7-1, p. 5.

[84] There is precedent holding that the voluntary-involuntary doctrine for the "other paper exception" does not apply to cases where the non-diverse defendant was improperly joined. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), as revised (Aug. 23, 2019) ("The judicially created voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder. *See Great N. Ry.*, 246 U.S. at 282, 38 S.Ct. 237 (recognizing the voluntary-involuntary rule applies only 'in the absence of a fraudulent purpose to defeat removal'). When the non-diverse defendant was improperly joined, 'the voluntary-involuntary rule is inapplicable.' *Crockett*, 436 F.3d at 532.").

15

against pretrying a case to determine removal jurisdiction."[85] At this stage of the proceedings, based on the allegations of the Second Amended Petition, Plaintiffs have sufficiently stated a claim against LaDOTD. Therefore, removal was also improper even if the improper joinder doctrine is applied, because LaDOTD is a forum defendant against whom Plaintiffs have plausibly stated a claim, such that its citizenship cannot be ignored. Remand of this case to state court is required, particularly when considering that the removal statute is strictly construed in favor of remand.[86]

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[87] filed by Plaintiffs Joseph Craft, Julie Stevens, and Wesley Oldaker, be **GRANTED**, and this action be **REMANDED** to the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana.

Signed in Baton Rouge, Louisiana, January 23, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[85] *Allen v. Red Frog Events, LLC*, 335 F.Supp.3d 831, 844-45 (M.D. La. 2018), citing *Carriere*, 893 F.2d at 100.

[86] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[87] R. Doc. 7.